UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TRACY LOUISE RIVERA,

        Plaintiff,

v.                                          Case No. 5:21-cv-623-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,

        Defendant.

## O R D E R

This cause is before the Court on Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 27; "Motion"), as supplemented by Petitioner's Response to Order Dated October 3, 2024 (Doc. No. 29; "Supplement"). Plaintiff's counsel seeks a net award of $21,384.05 pursuant to 42 U.S.C. § 406(b). See Motion at 1. This amount equals twenty-five percent of Plaintiff's past-due benefits awarded by the Administration ($24,665.50) minus $3,281.45 in fees that counsel already received under the Equal Access to Justice Act ("EAJA"). Id. at 1-2, App. 2; see Order (Doc. No. 25) (awarding EAJA fees). Defendant does not oppose the request. See Motion at 3.

Section 406(b)(1)(A) states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment

> a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute does not impose a twenty-five percent cap on the aggregate of attorney's fees awarded under § 406(a)—which are awarded for work done at the administrative level—and § 406(b). Culbertson v. Berryhill, 586 U.S. 53, 54 (2019). Instead, "the 25% cap applies only to fees for representation before the court, not the agency." Id. at 54.

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citations omitted). "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id. at 807. The burden is on the attorney to "show that the fee sought is reasonable for the services rendered." Id. Generally, "[t]he 'best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client . . . .'" Coppett

2

v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (quoting Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)).

"Although the contingency agreement should be given significant weight in fixing a fee, [the district court] must independently assess the reasonableness of its terms." McGuire v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989). The contingency fee negotiated by the claimant and his or her counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be a windfall to the attorney." Wells, 907 F.2d at 372 (citation omitted); see also McGuire, 873 F.2d at 981. Factors to consider in assessing the reasonableness of the fee include whether there was unreasonable delay in the litigation caused by the attorney, the quality of the representation, the size of the award in relationship to the time spent on the case, and the likelihood of the claimant prevailing. See Gisbrecht, 535 U.S. at 808. Additionally, an attorney who successfully claims both EAJA fees from the United States and an award under 42 U.S.C. § 406(b) must refund "to the claimant the amount of the smaller fee." Id. at 796.

Here, counsel represented Plaintiff in her appeal of the Commissioner's denial of social security benefits, and this Court reversed the decision of the

3

Commissioner and remanded the case for further administrative proceedings, which ultimately resulted in an award of past-due benefits. Plaintiff and counsel entered into a fee arrangement providing for a fee of twenty-five percent of past-due benefits due to her and her beneficiaries. See Fee Agreement (Doc. No. 27-1).[1]

Upon review of the representations made in the Motion and all supporting documentation submitted by counsel, and upon consideration of the quality of the representation and the results achieved, the undersigned finds the total amount requested pursuant to Section 406(b) is reasonable and due to be awarded. For clarity, the Court determines that twenty-five percent of the past-due benefits is awarded as fees pursuant to Section 406(b). However, in line with counsel's request, the Court will subtract the previously-awarded EAJA fee of $3,281.45 for a net award to counsel of $21,384.05.

It does not appear that the SSA has withheld from distribution to Plaintiff the proper amount of funds sufficient to pay this award. See Motion at App. 2, Supplement at 1-3. However, the SSA has procedures in place to handle this

---

[1] Counsel represents that Plaintiff has an auxiliary beneficiary who may be entitled to benefits as well. Motion at 2 n.1. However, the auxiliary beneficiary has not yet received a notice of award from the SSA. Supplement at 3-4. Accordingly, this Order addresses only Plaintiff's past-due benefits and resulting section 406(b) attorney's fees.

situation, see Supplement at 2-3, App. 2, and the Court will not intervene in those procedures.

For the foregoing reasons, it is

**ORDERED**:

1. Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 27) is **GRANTED**.

2. Plaintiff's counsel, Richard A. Culbertson, is due to be awarded $24,665.50 pursuant to 42 U.S.C. § 406(b). However, the Court subtracts from this award the previously-paid EAJA fees in the amount of $3,281.45. Mr. Culbertson shall now be paid a net award of $21,384.05.

3. The Clerk of the Court is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** in Jacksonville, Florida on October 16, 2024.

_____
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record

5